United States District Court
Southern District of Texas
**ENTERED**
November 13, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | Criminal Action No. H-25-cr-4 |
| | § | |
| DARRELL WAYNE COLLINS. | § | |
| | § | |

## AMENDED ORDER[1]

Pending before the Court is Defendant's Opposed Motion to Suppress Evidence Obtained During an Illegal Search (Document No. 43). On October 31, 2025, the Court conducted a hearing on the motion to suppress (the "Suppression Hearing"). Having considered the pending motion, submissions, evidence and representations presented during the Suppression Hearing, and the applicable law, the Court determines that the motion should be granted.

---

[1] The Court notes the Government's email correspondence received on November 13, 2025, at 4:21PM, objecting to the eighth line of page 5 of the Court's Prior Order (Document No. 60). The Government notes their disagreement with the Court's phrasing in describing the affidavit prepared by the Houston Police Department that was submitted to obtain a search warrant for the Defendant's apartment. In the interest of accuracy, the Court hereby issues the following amended order changing one word within the disputed sentence.

1

## I. BACKGROUND

On June 8, 2022, the Houston Police Department ("HPD") received a 911 call reporting a disturbance at 6363 W Airport Blvd Apt. #1003, Houston, TX 77035 ("the Apartment"). In response, HPD Officers Jason Mohammadi and Matthew Lopez were dispatched to the Apartment. Upon arriving at the Apartment and approaching the front door, the HPD Officers observed no physical or audible signs of a disturbance. Once the officers reached the front door of the Apartment, Officer Mohammadi proceeded to knock on the closed apartment door three times, eventually pushing the door open with his flashlight. The police then executed a warrantless search of the Apartment, which resulted in the discovery of several firearms and jars of illicit substances believed to be marijuana.

Based on the foregoing, on January 7, 2025, a federal grand jury in Houston, Texas returned an indictment against Defendant Darrell Wayne Collins ("Collins"). On June 17, 2025, the government filed its superseding indictment charging Collins with two felony counts of felon in possession of a firearm, one felony count of possession of a machinegun in furtherance of a drug trafficking crime, and one felony count of possession of a firearm in furtherance of a drug trafficking crime. On October 21, 2025, Collins filed the pending motion to suppress.

## II. LAW AND ANALYSIS

Collins moves to suppress evidence seized during, and deriving from, the warrantless search of the Apartment, contending the law enforcement officers who conducted the search lacked justification to support the warrantless search. The Government contends that the warrantless search of the Apartment was justified because exigent circumstances permitted officers to enter the Apartment to render emergency aid and conduct a safety sweep.

The Fourth Amendment to the United States Constitution protects individuals "against unreasonable searches and seizures." U.S. Const. amend. IV. "[S]earches and seizures inside a home without a warrant are presumptively unreasonable." *Payton v. New York*, 445 U.S. 573, 586 (1980). "Before agents of the government may invade the sanctity of the home, the burden is on the government to demonstrate exigent circumstances that overcome the presumption of unreasonableness that attaches to all warrantless home entries." *Welsh v. Wisconsin*, 466 U.S. 740, 750 (1984). "Although presumptively unreasonable, a warrantless entry will survive constitutional scrutiny if, inter alia, exigent circumstances exist to justify the intrusion." *United States v. Rico*, 51 F.3d 495, 500–01 (5th Cir. 1995). "The burden is on the government to prove the existence of the exigency." *Id.* at 501.

One such exigency is known as the "emergency aid exception" allowing officers to "enter a home without a warrant to render emergency assistance to an injured occupant or to protect an occupant from imminent injury." *Brigham City,*

3

*Utah v. Stuart,* 547 U.S. 398 (2006). The emergency aid exception to the Fourth Amendment requires the officer to have an "objectively reasonable basis for believing that a person within the house is in need of immediate aid." *Mincey v. Arizona*, 437 U.S. 385, 392 (1978).

Here, the Government contends that the HPD Officers were justified in entering the Apartment pursuant to the emergency aid exception to the Fourth Amendment of the Constitution. The Government further contends that a 911 call noting a potential domestic disturbance, combined with the observation of broken glass upon opening the Apartment's front door, justified the entry and search of the Apartment "to make sure that victims are safe and suspects are apprehended."[2] In response, Collins contends that there was not an objectively reasonable basis for believing that a person was in immediate need of aid such to justify a warrantless search of the Apartment.

At the Suppression Hearing, HPD Officer Mohammadi—the lead officer who conducted the warrantless search of the Apartment—testified that he and HPD Officer Lopez observed no indicators of an emergency, either physical or audible, when approaching and initially knocking on the front door of the Apartment. Defendant Collins contends that the only indicator of any emergency occurred after

---

[2] *Government's Supplemental Brief in Opposition to the Defendant's Motion to Suppress*, Document No. 43 at 2.

4

Officer Mohammadi knocked on the Apartment's front door a second time, at which point the door opened approximately six inches, allowing Officer Mohammadi to allegedly observe broken glass. Collins further contends that the mere observation of broken glass by HPD officers does not constitute corroboration of an emergency, and refers the Court to well-established Fifth Circuit authority that minimal signs of physical distress alone, absent evidence "of medical distress requiring immediate aid, such as loss of blood, signs of physical illness, or evidence that the individual had been carried or dragged," does not constitute exigent circumstances justifying immediate entry into a home. *United States v. Troop*, 514 F.3d 405, 410 (5th Cir. 2008).

A review of the record in this case and the arguments raised by the parties at the Suppression Hearing reveals that the only evidence in support of the Government's proffered theory that the warrantless search of the Apartment was justified by the emergency aid exception is: (1) a 911 call made by a neighbor not at or near the Apartment at the time of the incident; (2) and Officer Mohammadi's observation of glass obtained after pushing open the closed door of the Apartment.

The Court also notes Officer Mohammadi's testimony at the Suppression Hearing, which showcased a multitude of errors in the approach taken by HPD in executing a warrantless search of the Apartment. First, Officer Mohammadi testified that he did not attempt to corroborate or investigate the 911 call made by a neighbor

5

who received information of an alleged disturbance at the Apartment secondhand. Second, Officer Mohammadi testified that he moved and relocated multiple mason jars containing a substance believed to be marijuana without a warrant, stating for the Court that he knew that he was not permitted to do so. Third, Officer Mohammadi testified that he told a passerby and his fellow Officer Lopez that the door to the Apartment was "wide open," and later acknowledged after reviewing his body camera footage that these statements were false. Fourth, Officer Mohammadi conceded in his testimony that the affidavit submitted to obtain a search warrant for the Apartment contained multiple false statements.

Having considered the foregoing, pending motion, testimony and evidence presented at the Suppression Hearing, and strong guidance from the Fifth Circuit regarding the Government's burden of proof to justify a warrantless entry and search of a person's home, the Court finds that HPD Officers Mohammadi and Lopez were not justified in conducting a warrantless search of Collins' home. Accordingly, the Court determines that the pending motion to suppress should be granted.

### III.  CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendant's Opposed Motion to Suppress Evidence Obtained During an Illegal Search (Document No. 43) is **GRANTED**. The Court further

**ORDERS** that all evidence derived from the Houston Police Department's warrantless entry on June 8, 2022, into Defendant Darrell Wayne Collins' dwelling located at 6363 W Airport Blvd Apt. #1003, Houston, TX 77035 is **SUPPRESSED**.

SIGNED at Houston, Texas, on this ___13___ day of November, 2025.

DAVID HITTNER
United States District Judge

7